Mr. Chief Justice Shaukey
delivered the opinion of the court.
This case is referred on doubts entertained by th,e judge on a motion for a new trial. The bill of exceptions shows the grounds on which I suppose the defendants relied, there being no reasons that I perceive assigned for a new trial.
It appears to be a question of offset entirely. The defendants were sued on a note given to the plaintiff, Lydia, while she was sole, as administratrix, subsequent to which payments had been, made, by the defendants, of sundry outstanding claims against the plaintiff’s intestate, which were attempted to be set up as offsets under the plea of payment. Before suit brought, the estate was reported insolvent, and commissioners of insolvency appointed.
It is said in the case of Root v. Taylor, 20 Johnson’s Reports, 137, that in an action by the administrator for a debt due to the intestate, claims purchased by the defendant subsequent to the death of the intestate are not a good offset. That the debt in this instance was contracted with the administrator, I do not think can make the case any better, especially when the estate has been reported insolvent. It is the object of the law to place the creditors of insolvent estates on an equal footing by entitling them to an equal distribution. In this case the offsets were acquired subsequently to the death, and consequently must have been purchased at the risk of the party. If he can-now set them up, after the report of insolvency, he would thereby gain a great advantage over other-creditors, who are by law entitled to equal protection. It would be throwing open the door to fraud, by suffering creditors to effect, by transferring their claims to the debtors of insolvent estates, what they could not directly do.
I do not think it necessary, however, to decide whether these are such mutual claims under our statute as, under ordinary cir *97 cumstances, might become the subject of an offset. An offset is in the nature of a cross action, substituted for the purpose of effecting justice, without an accumulation of actions, and can only be set up for a specific sum, when an action might be brought for it. The defendants under the circumstances, could not, at the time of filing their offset, have brought suits for the claims against the administrator.
Our statute positively prohibits the bringing of a suit against an administrator after the estate is reported insolvent. Revised Code, p. 59, s. 103. If the suit be instituted before the report of insolvency, no execution' shall issue, but the judgment is to be filed with the commissioners, as a claim against the estate. Revised Code, p. 70, s. 1. A set off will not be allowed where an insolvency has intervened, because the claims of third persons come in question, and are equally entitled to satisfaction. 3 East, 149.
. The motion for a new trial must be overruled and judgment affirmed.